953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SEATTLE-FIRST NATIONAL BANK, Plaintiff-Appellee,
v.
Edward F. GIBBONS, Defendant-Third-Party-Plaintiff-Appellant
v.
FRONTIER BANCORPORATION OF DENVER, INC.; Frontier Bank, et
al., Third-Party-Defendants-Appellees.
 No. 90-35810.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 8, 1992.
Decided Jan. 23, 1992.
 
 Before EUGENE A. WRIGHT, WILLIAM A. NORRIS and CYNTHIA HOLCOMB HALL, CIRCUIT JUDGES.
 
 
 1
 MEMORANDUM*
 
 
 2
 * We reject Gibbons' suggestion that the limited guaranty's consent-to-modifications clause is subject to some form of overbreadth analysis. The issue here is not what the clause could have authorized; instead, we ask only whether the clause ran afoul of public policy by allowing Seafirst to restructure the loan as it did.
 
 
 3
 When Frontier began missing payments, Seafirst could have initiated procedures that would have resulted in Frontier's eventual default on the loan. Once that occurred, Seafirst could have declared the entire balance due immediately. Instead, it negotiated a new payment schedule in an effort to prevent default by reducing Frontier's near term obligations. The new schedule accelerated the loan's later payments by four years, but Frontier failed to make even the earlier, reduced payments. We have little trouble finding that by authorizing this type of modification, the consent-to-modifications clause did not violate public policy.
 
 II
 
 4
 In arguing that the guaranty is too ambiguous to enforce, Gibbons confuses the issue of ambiguity with that of consent to completion of the agreement. The court instructed the jury to determine whether the guaranty, as completed by Seafirst, represented an agreement between Gibbons and Seafirst. In short, the jury had to decide whether Gibbons consented to Seafirst's completion of the guaranty. By finding for Seafirst, the jury had to conclude that Gibbons consented to the completion.
 
 
 5
 The question then is whether the completed agreement is ambiguous. Washington courts apply a high standard in considering claims of ambiguous contracts: if an agreement is susceptible to reasonable interpretation, the courts will not create ambiguity. Peoples Mortgage Co. v. Vista View Builders, 6 Wash.App. 744, 496 P.2d 354, 357 (1972). In light of this standard, we agree with the district court that the completed agreement is unambiguous.
 
 III
 
 6
 Gibbons provided insufficient evidence to justify instructing the jury on either his waiver or estoppel theories.
 
 
 7
 A party claiming waiver must show that the opposing party intended to waive the right. Wagner v. Wagner, 95 Wash.2d 94, 621 P.2d 1279, 1283-84 (1980). Absent an express declaration of waiver, a party's actions constitute waiver only if the actions are inconsistent with any other motive. Id.
 
 
 8
 The letter requesting Gibbons' consent to the restructuring did not expressly waive Seafirst's right to enforce the consent provision. Nor is the request for consent inconsistent with any other motive. Seafirst may have simply sought to ensure that the primary investors favored the restructuring. It also may have sought this consent as a means of forestalling litigation. This issue is not for the jury unless a reasonable jury could have found waiver under the standards set forth in Washington. Under the facts here, no jury could have found Seafirst had waived its rights.
 
 
 9
 Similarly, to find estoppel a jury would have had to conclude that Gibbons reasonably relied on Seafirst's assertion that it would not enforce the provision, and that he suffered resulting damages. Wagner, 621 P.2d at 1284. He demonstrated neither.
 
 IV
 
 10
 We also reject Gibbons' argument that the district court abused its discretion in formulating jury instructions.
 
 A. Contract Formation
 
 11
 This court reviews the omission of an instruction in light of the instructions as a whole, and asks whether the instructions provided the jury with adequate guidance to determine the questions presented. Shad v. Dean Witter Reynolds, Inc., 799 F.2d 525, 531-32 (9th Cir.1986).
 
 
 12
 The court told this jury that if the parties never agreed to an essential term in the guaranty, then the parties were not bound by the guaranty. We are satisfied that this instruction directed the jury to consider whether Gibbons consented to Seafirst's completion of the guaranty.
 
 B. Default and Cure
 
 13
 The forbearance agreements were individual agreements between the guarantors and Seafirst. They served to discharge the guarantors' obligations but did not substitute for payment on the underlying default. Frontier was not paying on the loan; the guarantors were simply performing their obligations, in a manner negotiated with Seafirst. We find that in light of Gibbons' meager showing on this issue, the court's instruction did not constitute an abuse of discretion.
 
 V
 
 14
 Under Washington law, if an agreement provides for attorneys' fees, the prevailing party is entitled to fees incurred at trial and on appeal. See, e.g., Marine Enters. v. Security Pacific Trading Corp., 50 Wash.App. 768, 750 P.2d 1290, 1293 (1988). Seafirst is entitled to fees and may file a request pursuant to Circuit Rule 39-1.6.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3